UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

**DOCKETING STATEMENT**

| Appeal Number | 22-1164 |
| --- | --- |
| Case Name | Chase Manufacturing Inc. d/b/a Thermal Pipe Shields, Plaintiff vs. Johns Manville Corporation, Defendant |
| Party or Parties Filing Notice of Appeal Or Petition | Plaintiff Chase Manufacturing Inc. d/b/a Thermal Pipe Shields |
| Appellee(s) or Respondent(s) | Defendant Johns Manville Corporation |
| List all prior or related appeals in this court with appropriate citation(s). | None |

**I.  JURISDICTION OVER APPEAL OR PETITION FOR REVIEW**

**A.  APPEAL FROM DISTRICT COURT**

1. Date final judgment or order to be reviewed was **entered** on the district court docket: April 26, 2022

2. Date notice of appeal was **filed**: May 20, 2022

3. State the time limit for filing the notice of appeal (cite the specific provision of Fed. R. App. P. 4 or other statutory authority): 30 days – Fed. R. App. P. 4(a)(1)(A)

   a. Was the United States or an officer or an agency of the United States a party below? No

   b. Was a motion filed for an extension of time to file the notice of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing the notice of appeal: No

4. Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

   a. Give the filing date of any motion that tolls the time to appeal pursuant to Fed. R. App. P. 4(a)(4)(A) or 4(b)(3)(A):

   Not applicable

   b. Has an order been entered by the district court disposing of any such motion, and, if so, when?

   Not applicable

5. Is the order or judgment final (i.e. does it dispose of **all** claims by and against **all** parties)? *See* 28 U.S.C. § 1291. Yes

   **(If your answer to Question 5 is no, please answer the following questions in this section.)**

   a. If not, did the district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done?

   b. If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. ' 1292(a)?

   c. If none of the above applies, what is the **specific** legal authority for determining that the judgment or order is appealable?

6. Cross Appeals.

   a. If this is a cross appeal, what relief do you seek beyond preserving the judgment below? *See United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 958 (10th Cir. 2011) (addressing jurisdictional validity of conditional cross appeals).

   Not applicable

   b. If you do not seek relief beyond an alternative basis for affirmance, what is the jurisdictional basis for your appeal? *See Breakthrough Mgt. Group, Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1196-98 and n.18 (10th Cir. 2010) (discussing protective or conditional cross appeals). Not applicable

- **B.** **REVIEW OF AGENCY ORDER** (To be completed only in connection with petitions for review or applications for enforcement filed directly with the court of appeals.)

    1. Date of the order to be reviewed: _____

    2. Date petition for review was filed: _____

    3. Specify the statute or other authority granting the Tenth Circuit Court of Appeals jurisdiction to review the order: _____

    4. Specify the time limit for filing the petition (cite specific statutory section or other authority): _____

- **C.** **APPEAL OF TAX COURT DECISION**

    1. Date of entry of decision appealed: _____

    2. Date notice of appeal was filed: _____
       (If notice was filed by mail, attach proof of postmark.)

    3. State the time limit for filing notice of appeal (cite specific statutory section or other authority): _____

    4. Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See* Fed. R. App. P. 13(a) _____

**II.** **ADDITIONAL INFORMATION IN CRIMINAL APPEALS**.

    **A.** Does this appeal involve review under 18 U.S.C. ' 3742(a) or (b) of the sentence imposed? _____

    **B.** If the answer to A (immediately above) is yes, does the defendant also challenge the judgment of conviction? _____

    **C.** Describe the sentence imposed. _____
_____

    **D.** Was the sentence imposed after a plea of guilty? _____

    **E.** If the answer to D (immediately above) is yes, did the plea agreement include a waiver of appeal and/or collateral challenges? _____

    **F.** Is the defendant on probation or at liberty pending appeal? _____

    **G.** If the defendant is incarcerated, what is the anticipated release date if the judgment of conviction is fully executed? _____

    **NOTE**: In the event expedited review is requested and a motion to that effect is filed, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered by completing and delivering the transcript order form to the Clerk of the district court with a copy filed in the court of appeals.

## III. GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE UNDERLYING CASE AND RESULT BELOW.

Plaintiff Thermal Pipe Shields brought an antitrust lawsuit against Defendant Johns Manville for unlawful conduct relating to Johns Manville's efforts to exclude Thermal Pipe Shields from the market for calcium silicate, an insulation material used to insulate pipes that carry high-temperature liquids and sustain abuse in high-traffic areas within industrial facilities.

For nearly two decades, Johns Manville was the only seller of calcium silicate and enjoyed a monopoly over the calcium silicate market. Then, in 2018, Thermal Pipe Shields sought to bring a competitive product to the market. Thermal Pipe Shields's product was superior in all respects: it was of higher quality than Johns Manville's and substantially lower priced.

To face such competition, Johns Manville had many lawful and procompetitive options available, including lowering the price of its product and enhancing its quality. Instead, Johns Manville chose an anticompetitive strategy: using its market power and dominant position as a seller of multiple different industrial insulation products to preempt Thermal Pipe Shields from gaining a foothold in the calcium silicate market. Johns Manville engaged in various exclusionary acts, including: (1) tying sales of calcium silicate to the purchase of other Johns Manville products; (2) threatening to refuse to supply its own calcium silicate to any customer that bought calcium silicate from Thermal Pipe Shields; (3) forcing customers to deal exclusively with Johns Manville in the calcium silicate market; and (4) falsely disparaging Thermal Pipe Shields and the quality of its product.

Thermal Pipe Shields brought two antitrust claims against Johns Manville: (1) tying; and (2) monopolization. After denial of Johns Manville's Rule 12(b)(6) motion to dismiss, the claims proceeded to discovery. Among other specifics, the district court permitted each side to conduct 11 depositions. As the discovery deadline approached, Thermal Pipe Shields requested a short extension to conduct several depositions of third parties that had been challenging to coordinate. The district court granted a brief, two-week extension but sua sponte limited Thermal Pipe Shields to two third-party depositions, in contravention of its prior order. At that time, Thermal Pipe Shields had taken seven of its 11 allotted depositions and did not intend to depose any more party witnesses. The district court granted a brief, two-week extension but sua sponte limited Thermal Pipe Shields to only two third-party depositions, notwithstanding its prior order allowing 11 depositions in total, with no limitations on how they must be divided among party and third-party witnesses. This meant that Thermal Pipe Shields ultimately deposed only nine witnesses in total, including two third parties.

After discovery, Johns Manville moved to exclude all opinions of Thermal Pipe Shields's economics expert under the *Daubert* doctrine. The district court denied that motion in its entirety, allowing Thermal Pipe Shields to present all of that expert's opinions to the jury.

Thermal Pipe Shields also moved to exclude certain opinions of Johns Manville's industry expert under *Daubert*, because that industry expert failed to establish his qualifications as an expert and failed to sufficiently link his qualifications that Thermal Pipe Shields did not dispute to certain of his opinions. Despite these failings, the district court denied Thermal Pipe Shields's motion without argument and refused to exclude the expert's unsupported opinions.

While both *Daubert* motions were pending, Johns Manville moved for summary judgment, seeking to dismiss both of Thermal Pipe Shields's antitrust claims. Even though "[s]ummary judgment in antitrust cases should be used sparingly," *Green Country Food Mkt., Inc. v. Bottling Grp.*, 371 F.3d 1275, 1278 n.1 (10th Cir. 2004), the district court granted summary judgment in favor of Johns Manville and dismissed Thermal Pipe Shields's claims. The district court held that Thermal Pipe Shields failed to show—due in part to insufficient third-party testimony—that the threats that Johns Manville made to its customers were not egregious enough that they must be the cause of those customers' decisions not to buy Thermal Pipe Shields's lower-priced, higher-quality calcium silicate. The district court also stated that Thermal Pipe Shields failed to present compelling expert opinions on certain issues about which Thermal Pipe Shields's expert's opinions were admitted.

IV. **IDENTIFY TO THE BEST OF YOUR ABILITY AT THIS STAGE OF THE PROCEEDINGS, THE ISSUES TO BE RAISED IN THIS APPEAL. You must attempt to identify the issues even if you were not counsel below.** *See* **10th Cir. R. 3.4(B).**

Whether the district court erred in granting summary judgment to Defendant on Plaintiff's Sherman Act tying claim.

Whether the district court erred in granting summary judgment to Defendant on Plaintiff's Sherman Act monopolization claim.

Whether the district court erred in limiting Plaintiff to two non-party depositions during discovery.

Whether the district court erred in denying Plaintiff's *Daubert* motion to exclude Defendant's industry expert.

## V. ATTORNEY FILING DOCKETING STATEMENT:

Dated: June 3, 2022

Respectfully submitted,

s/Alexandra Shear
Alexandra Shear
287 Park Avenue South, Suite 422
New York, NY 10010
Phone: (212) 634-6831
alex.shear@bonalawpc.com

# CERTIFICATE OF SERVICE

I, Alexandra Shear, hereby certify that on June 3, 2002, I served a copy of the foregoing **Docketing Statement** to: Ryan Thomas Bergsieker, Gregory Joseph Kerwin, Allison Kostecka and Lydia Lulkin at rbergsieker@gibsondunn.com, gkerwin@gibsondunn.com, akostecka@gibsondunn.com and llukin@gibsondunn.com, at their last known email address by CM/ECF

s/ Alexandra Shear
Alexandra Shear

June 3, 2022
Date

Alexandra Shear
Bona Law PC
287 Park Avenue South, Suite 422
New York, NY 10010