# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

_____

CHASE MANUFACTURING, INC., d/b/a THERMAL PIPE SHIELDS
Plaintiff-Appellant,

v.

JOHNS MANVILLE CORPORATION,
Defendant-Appellee.

_____

On Appeal from The United States District Court for the District of Colorado, Magistrate Judge Michael E. Hegarty, Case No. 1:19-cv-00872-MEH
_____

**APPELLEE JOHNS MANVILLE CORPORATION'S RESPONSE AND OBJECTIONS TO APPELLANT'S VERIFIED BILL OF COSTS**
_____

Gregory J. Kerwin
Ryan Bergsieker
Allison K. Kostecka
Lydia Lulkin
GIBSON, DUNN & CRUTCHER LLP
1801 California Street, Suite 4200
Denver, CO 80202
T: (303) 298-5700
F: (303) 298-5707
Email: GKerwin@gibsondunn.com
RBergsieker@gibsondunn.com
AKostecka@gibsondunn.com
LLulkin@gibsondunn.com

*Counsel for Defendant-Appellee Johns Manville Corporation*

Defendant-Appellee Johns Manville provides this response and objections under Fed. R. App. P 39 and 10th Cir. R. 39 to Appellant's Verified Bill of Costs. The Court should not tax any of the costs that Appellant (Chase Manufacturing/"TPS") claims in its bill of costs.

## I. Each Party Should Bear Its Own Costs On Appeal

As reflected in Fed. R. App. P. 39(a)(4), appellate costs are not normally awarded to either party when, as here, the judgment is affirmed in part and reversed in part. Because TPS did not prevail on appeal on all or even the majority of its claims, each party should bear its own appellate costs. *See, e.g., Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1234-35 (10th Cir. 2001) ("in cases in which neither side entirely prevailed, or when both sides prevailed . . . some courts have denied costs to both sides.") (quotations omitted).

This Court reversed the district court's grant of summary judgment on only one of TPS's four alleged theories for unlawful exclusionary conduct, rejecting most of TPS's arguments on appeal because TPS "waived them" by "inadequately briefing" them; however, the Court declined to enforce TPS's waiver of the argument the Court applied to the remanded claim. *See* October 25, 2023 Decision ("Op.") at 10, 25 n. 18 & 26 n. 19:

1. <u>Tying</u>:  The Court <u>affirmed the dismissal</u> of TPS's tying claim, Op. 26 n. 19, 35-43.  Tying was TPS's main claim, to which it devoted the most space in its appeal briefs and the most time during oral argument.  TPS Opening Brief at 39-45, 56-58; TPS Reply Brief at 14-24, 33-34.

2. <u>Exclusive dealing through rebates</u>:  The Court <u>affirmed the dismissal</u> of TPS's "exclusive dealing through rebates" claim—the only version of an exclusive dealing claim that TPS asserted in the district court before summary judgment and preserved in this appeal.  Op. 10, 26 n. 19 ("TPS presents no argument linking JM's rebate agreements to the § 2 monopolization claim"); 42-43.

3. <u>Product disparagement</u>:  For TPS's product disparagement theory, the Court held that TPS "just hasn't given us enough argument for a freestanding exclusionary-conduct theory of disparagement," but declined to say TPS's "evidence of disparagement" is irrelevant for remand.  Op. 26 n. 19.

4. <u>"Refusal to supply"</u>:  The Court reversed summary judgment and remanded the case based on what TPS called its "refusal to supply" theory, TPS Opening Brief at 58-62.  Op. 20-26 (the Court characterized "threats" as the exclusionary conduct).  The Court exercised its discretion not to bar TPS's claim based on waiver.  Op. 25 n. 18.

## II. Regardless, the Court Should Disallow Some of the Cost Items TPS Claims

In addition, if the Court does award any costs, the following cost items that TPS claims should not be allowed:

1. <u>"Preparation of Caption Page by Printer."</u> TPS claims $50 in costs for what it describes as having a printer prepare TPS's caption page. There is no requirement in the appellate rules to have a printer prepare fancy fonts for the caption page of a brief, and the fonts available on Microsoft Word suffice to create a decorative caption if one is desired. TPS has no basis to claim such costs.

2. <u>Appeal docketing fee</u>. TPS claims $505.00 for the "appeal docketing fee." But under Fed. R. App. P. 39(e)(4), the "fee for filing the notice of appeal" is taxable in the district court.

Therefore the Court should exclude these amounts from any costs it taxes.

WHEREFORE, Johns Manville respectfully requests that the Court deny or reduce Appellant's claim for costs.

Date: November 20, 2023.

*s/ Gregory J. Kerwin*

Gregory J. Kerwin
Ryan Bergsieker
Allison Kostecka
Lydia Lulkin
GIBSON, DUNN & CRUTCHER LLP
1801 California Street, Suite 4200
Denver, CO 80202
T: (303) 298-5700
F: (303) 298-5707
Email: GKerwin@gibsondunn.com

*Counsel for Defendant-Appellee Johns Manville Corporation*

**Certificate Of Digital Submission And Privacy Redactions**

The undersigned counsel hereby certifies that:

1. All required privacy redactions under 10th Cir. R. 25.5 have been made and, with the exception of those redactions, every document submitted in Digital Form or scanned PDF format is an exact copy of the written document filed with the Clerk, and;

2. This digital submission has been scanned for viruses with the most recent version of a commercial virus scanning program, CrowdStrike Falcon Sensor, last updated on November 20, 2023 and, according to the program, is free of viruses.

Date: November 20, 2023

*s/ Gregory J. Kerwin*

Gregory J. Kerwin
GIBSON, DUNN & CRUTCHER LLP
1801 California Street, Suite 4200
Denver, CO  80202
T:  (303) 298-5700
F:  (303) 298-5707
Email:  GKerwin@gibsondunn.com

*Counsel for Defendant-Appellee Johns Manville Corporation*

## Certificate Of Filing And Service

I hereby certify that on November 20, 2023, I served a copy of the foregoing APPELLEE JOHNS MANVILLE CORPORATION'S RESPONSE AND OBJECTIONS TO APPELLANT'S VERIFIED BILL OF COSTS on counsel for Plaintiff-Appellant through the Court's electronic filing system.

Date:   November 20, 2023.

*s/ Gregory J. Kerwin*

Gregory J. Kerwin
GIBSON, DUNN & CRUTCHER LLP
1801 California Street, Suite 4200
Denver, CO  80202
T:  (303) 298-5700
F:  (303) 298-5707
Email:  GKerwin@gibsondunn.com

*Counsel for Defendant-Appellee Johns Manville Corporation*

106806382.1